## Case No. 13,304.

### In re STAPLIN.

[9 N. B. R. 142; [1] 5 Chi. Leg. News, 528; 5 Leg. Op. 171.]

District Court, E. D. Missouri. 1873.

BANKRUPTCY—COMMERCIAL PAPER—USURY.

1. A petition was filed against a debtor alleging that he had committed acts of bankruptcy by suspending payment of his commercial paper. The defendant answered the petition, denying that he was insolvent, and alleged that the notes in question were usurious.

2. The petitioner filed a demurrer to the answer. The court overruled the demurrer, on the ground that the answer presented an issue of fact upon the suspension of payment of the alleged bankrupt's commercial paper. The court *held* further, that it was not the intention of the bankrupt act to force a debtor to pay the face of every piece of paper to which he has put his name, under penalty of being adjudged a bankrupt, regardless of any defense he might have against the same.

The creditor's petition charged that the defendant had committed an act of bankruptcy by suspending payment of his commercial paper, and specified the non-payment of the note held by the plaintiff. and of some twenty other notes. The defendant. in response to the rule to show cause, among other things set up in his answer, denied his insolvency, and alleged that he had a defense against the note held by the petitioner. as well as against all the notes outstanding. upon which he was liable as maker or endorser; the defense being that he had paid, and the creditors had received. usurious interest at the rate of twenty-four to thirty-six per cent. per annum. and that by the law of the state of Missouri the creditors could only recover, by suit. the actual amount lent, with ten per cent. interest. to be paid to the county for the use of schools, and the creditor to be adjudged to pay the costs, and consequently that as against all the unpaid paper he had a valid partial defense. The answer set up many other matters tending to show that the defendant had means to pay all his debts, etc. To this answer the petitioner filed a demurrer.

TREAT, District Judge. overruled the demurrer, stating that the answer presented an issue of fact upon the suspension of the al-

[1] [Reprinted from 9 N. B. R. 142, by permission.]

leged bankrupt's commercial paper; that if it were true that, as to all the unpaid notes, the bankrupt had the defense set up, or so believed in good faith, and for that reason refused to pay such notes, he could not be charged as having been guilty of an act of bankruptcy by suspending payment; that it was not the intention of the act to force a debtor to pay the face of every piece of paper to which he had put his name, under penalty of being adjudged bankrupt, regardless of any defenses he might have against the same.